**STATE OF COLORADO, Plaintiff,**

v.

**IDARADO MINING COMPANY, et al., Defendants.**

No. 83–C–2385.

United States District Court, D. Colorado.

April 9, 1990.

Jacqueline Berardini, Deputy Atty. Gen., Denver, Colo., for plaintiff.

Thomas Whittington, Britt Anderson, Denver, Colo., Joseph McClellan, Lynchburg, Va., Frank Woodrow, Montrose, Colo., Robert Hill, James Spaanstra, Denver, Colo., Boyd Park, Provo, Utah, Laird Campbell, Denver, Colo., William Waldeck, Justin Kirk, Grand Junction, Colo., Tom Napp, Denver, Colo., Richard Tisdel, Ouray, Colo., Thomas Nichols, Christopher Lane, Denver, Colo., Stephen Johnson, Telluride, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

On March 7, 1989, the plaintiff State of Colorado ("the State") filed a motion to amend the court's Memorandum Opinion and Order filed February 22, 1989, *State of Colorado v. Idarado Min. Co.*, 707 F.Supp. 1227 (D.Colo.1989), to award the State approximately $1.9 million in response costs incurred prior to March 31, 1987. Defendants filed a response opposing the motion.

On October 2, 1989, the court ordered the parties to supplement their briefs on the past response costs issue. The parties have filed their supplemental briefs.

Defendants have notified this court that they have appealed the injunctive provisions of the court's February 22, 1989 memorandum opinion and order. The Court of Appeals for the Tenth Circuit has established an expedited briefing and oral argument schedule in that appeal. In fact, the Court of Appeals heard oral argument March 6, 1990.

It is unclear whether this court has jurisdiction to decide the pending motion since the defendants have instituted an expedited appeal addressed to the injunctive relief. Defendants, however, have joined in the request for a ruling on the State's motion for past response costs. This order constitutes my ruling on that motion, subject of course, to the Court of Appeals' ultimate decision regarding jurisdiction.

In its motion, the State correctly points out that this court did not rule on whether the State could recover response costs incurred prior to March 31, 1987. The State seeks recovery of $1,847,910.80 in past response costs, plus $128,648.33 in interest, or a total lump sum judgment of $1,976,559.10. As the State emphasizes, the court has determined that the State's response efforts are "not inconsistent with the NCP," and are "cost-effective," as reflecting "the appropriate extent of remedy that effectively protects and minimizes threats to public health, welfare and the environment." *State of Colo. v. Idarado Min. Co.*, 707 F.Supp. at 1261.

In their response opposing the State's motion, the defendants contend that the State is not entitled to recover (i) costs incurred in investigating and developing remedies rejected by the court; (ii) costs incurred in investigating and developing remedial options that should have been rejected early in the remedial investigation/feasibility study phase; or (iii) costs incurred in stocking fish in the San Miguel and Uncompahgre Rivers. In addition, the defendants assert that the State is not entitled to recover prejudgment interest.

The State instituted this suit for declaratory judgment and injunctive relief asserting claims for cleanup of hazardous wastes at and near the defendants' mine and milling facilities located between Ouray and Telluride, Colorado. The State's suit is premised in part on the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq. as amended by* the Superfund Amendments and Reauthorization Act of 1986 ["SARA"], Pub.L. No. 99-499, 100 Stat. 1615 (1986) (collectively "CERCLA"). My February 22, 1989 memorandum opinion and order concerns the State's CERCLA claims only and I there determined that the defendants are liable for the release, or threatened release of hazardous substances from a facility that has caused the State to incur response costs. *State of Colo. v. Idarado Min. Co.*, 707 F.Supp. at 1230. Regarding

the issue of allowable response costs, I further stated:

"Pursuant to CERCLA § 113(j)(3) [42 U.S.C. § 9613(j)(3) ], if the court determines that the selected response action was arbitrary, capricious, or otherwise not in accordance with the law, 'the court shall award (A) only the response costs or damages that are not inconsistent with the National Contingency Plan ["NCP"], and (B) such other relief as is consistent with the National Contingency Plan.' Thus, it is within my authority to modify the State's proposed plan or, alternatively, remand the matter to the State for further study. Costs or damages may be disallowed if serious procedural errors were made relating to matters of significant relevance. CERCLA § 113(j)(4), [42 U.S.C. § 9613(j)(4) ]." *Id.* at 1231.

I further concluded that the State's remedial action plan, except as modified by the court's memorandum opinion and order, complied with relevant CERCLA requirements, and that the defendants were liable for all costs incurred, and to be incurred, by the State, in responding to the release or threatened release of hazardous substances at the Idarado facility since March 31, 1987. *Id.* at 1261.

■ Defendants first argue that they are not responsible for costs incurred by the State involving remediation plans not adopted by the court. Specifically, the defendants cite the court's approved plans concerning remediation of the Town of Telluride's soils, consolidation of the Telluride tailings piles, and releases on the Red Mountain side. As indicated in the memorandum opinion and order, I concluded that certain remedial action was appropriate regarding all of these areas although I did not approve every detail or facet of the State's proposed remediation plans. I thus agreed with the State that cleanup remedies were justified although I disagreed to some extent with the scope of the State's proposed plans. The State's costs were incurred in response to removal or remedial action under CERCLA, and therefore I conclude that the defendants are liable for those costs.

■ Along these same lines, the defendants argue that the State's costs incurred since 1979 in its fish stocking program are not recoverable because they pre-date this lawsuit. I held in *United States v. Shell Oil Co.,* 605 F.Supp. 1064, 1073, 1079 (D.Colo.1985) that costs incurred prior to CERCLA are recoverable if they meet the definition of response costs.

In my memorandum opinion and order, I concluded that fish stocking in the San Miguel River is necessary to mitigate damage to the environment caused by the defendants' mining activities. *State of Colo. v. Idarado Min. Co.,* 707 F.Supp. at 1260. I also discussed fish stocking on the Red Mountain side in Red Mountain Creek and the Uncompahgre River. *Id.* at 1249. The evidence at trial indicated that the fish stocking program was conducted to provide a limited fishery for the area and to mitigate the effects of hazardous substances on the environment. I thus conclude that the State's fish stocking plan, which dates back to 1979, meets the definition of response costs under CERCLA. Defendants thus are liable for these costs.

Defendants next contend that the State immediately should have rejected proposed remedial options whose costs far exceeded other alternatives and which were not readily feasible. In other words, the defendants argue that "[t]he State should not be permitted to recover the costs of its excursions into obviously unacceptable remedies." Defendants' supplemental response filed October 13, 1989 at 5. Defendants cite the State's proposed plan to truck tailings, waste rock, sediment and similar materials from Telluride to Grassy Mountain, Utah; to backfill the mine with tailings; and to construct an active water treatment plant on the Telluride side of the Idarado facility.

■ However, as pointed out by the State, 40 C.F.R. § 300.68(f) (1988) requires the enforcing agency, such as the State, to evaluate a wide range of potential remedial alternatives as described in that section. These alternatives must be screened based

on cost of implementation, acceptable engineering practices, and effectiveness. 40 C.F.R. § 300.68(g). Remedies are to be selected according to the criteria set forth at 40 C.F.R. § 300.68(i). *See State of Colo. v. Idarado Min. Co.,* 707 F.Supp. at 1230–31 for more comprehensive discussion of remedy selection standards. It does not appear, however, that costs of remedial or response actions *not ultimately selected* are not recoverable, although they may be rendered non-recoverable if there were serious procedural errors relating to matters of significant relevance.

■ Defendants have presented no evidence establishing that the State's consideration of alternative remedies not selected included serious procedural errors relating to matters of significant relevance. Neither have the defendants established as a matter of law that costs incurred in considering alternative remedies not selected otherwise are not recoverable by the State. I again conclude that the State's costs on these issues were incurred in response to removal or remedial action under CERCLA, and that the defendants are liable for these costs.

■ Defendants last contend that the State is not entitled to recover prejudgment interest on *response costs* because such interest was not authorized under CERCLA prior to SARA. CERCLA § 107(a), [42 U.S.C. § 9607(a)], now provides for recovery of interest on response costs, calculated "from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned." In addition, the defendants emphasize that the State has not made a written demand for a specified interest amount.

It is unclear whether the State contends that prejudgment interest on response costs accrued in 1977. The State does argue, however that, if the court concludes that § 107(a) applies retroactively, it satisfied that section's requirements in its costs and damages demand contained in the December 9, 1983 complaint.

I conclude, as have other courts, that § 107(a), as amended, applies to response costs incurred before adoption of the 1986 SARA amendments. *See, United States v. Northernaire Plating Co.,* 685 F.Supp. 1410, 1421 (W.D.Mich.1988); and *United States v. Monsanto Co.,* 858 F.2d 160, 175–176 (4th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989). I further conclude that the State's demand for response costs set forth in its December 9, 1983, complaint satisfies § 107(a)'s provisions. *See generally, General Elec. Co. v. Litton Business Sys., Inc.,* 715 F.Supp. 949, 963 (W.D.Mo.1989) and *United States v. Mottolo,* 695 F.Supp. 615, 631 (D.N.H.1988). The State thus is entitled to recover prejudgment interest on response costs incurred from the date it filed its complaint in this action.

Accordingly, IT IS ORDERED that:

1. The State's motion to amend the trial court's judgment is granted in part and denied in part;

2. The State's motion to amend the trial court's judgment to authorize payment of prejudgment interest on response costs incurred since 1977 is denied;

3. The State may recover prejudgment interest on response costs incurred since December 9, 1983, the date it filed its complaint in this action; and

4. In all other respects, the State's motion to amend the trial court's judgment is granted.